WILLIAM P. EMERSON ET AL., RESPONDENTS, *v.* DAVID BIGLER, APPELLANT.

[Submitted May 19, 1898. Decided June 20, 1898 ]

*Practice—Referee's Report, Filing—Review of on Motion for New Trial—Findings—Evidence—Harmless Error—Value, Evidence of.*

1. PRACTICE—*Referee's Report, Filing.*—The failure of a referee to file his report within ten days after the closing of the testimony as provided in Section 1139 does not invalidate the report or the judgment rendered thereon: The section is not mandatory, but directory.

2. REFEREE'S REPORT—*Review of on Motion for New Trial.*—The defendant claimed that he moved for a non-suit at the close of plaintiff's testimony; that the motion was denied, and that defendant elected not to introduce testimony. The defendant further claimed that the plaintiff thereafter introduced evidence, and that he (plaintiff) did not waive his right to introduce evidence after the case was thus re-opened. This was contradicted by the referee's report and affidavits filed by the referee. *Held,* that the ruling of the court below to the effect that defendant had made his election would not be disturbed.

3. SAME—*Held,* that defendant should have moved, when the report was filed, to have the case remanded to the referee to take further evidence.

4. FINDINGS.- The referee found as facts in the case. that a partnership had existed between the plaintiffs and defendant and that the same was dissolved, as alleged in the complaint; that the defendant had sold part of the partnership property and the value thereof and that defendant had refused to account for the proceeds; and, as conclusion of law, the referee found that plaintiffs were entitled to judgment: *Held,* that the findings were not inconsistent or defective, and that, if the defendant was not satisfied with the same, he should have filed his exceptions.

5. EVIDENCE—*Harmless Error.*—In an action between partners, the fact of partnership was not denied. *Held,* that oral testimony concerning the contents of missing letters, which was introduced for the sole purpose of proving the partnership, was not prejudicial to the rights of defendant.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

Statement of the case by the justice delivering the opinion.

The complaint in this case alleges that the plaintiffs and the defendant, about June, 1893, entered into a co-partnership for the purpose of buying, selling, and raising cattle in Flathead county, and continued to transact such partnership business until July 30, 1895, when the partnership was dissolved by mutual consent. It seems that they did business without any firm name. The complaint sets forth that the defendant sold a number of cattle belonging to the partnership, and refused to account to the plaintiffs for their share of the proceeds.

The answer denies that the defendant disposed of the cattle mentioned in the complaint, and that he refused to account therefor, denies the alleged value of the cattle, and every other allegation in the complaint not admitted in the answer. The defendant alleges affirmatively that he and the plaintiffs entered into a co-partnership at the time specified in the complaint, for the purpose of buying, selling, and raising stock in Flathead county, and also for the purpose of prospecting, developing, and selling certain coal lands, described in the answer, and that he expended large sums of money in the de-

velopment of the partnership coal lands, and that the plaintiffs have refused to pay their proportions of the moneys expended in such development and improvement of the lands. Defendant alleges, also, that the plaintiffs sold a number of cattle belonging to the partnership, and appropriated to their own use the proceeds thereof.

Plaintiffs' replication denies every allegation of the answer not expressly admitted. They deny, also, that the partnership was to extend to any other business than that mentioned in the complaint, and they allege that they contributed large sums of money to the partnership business of cattle raising mentioned in the complaint. Plaintiffs asked for an accounting and a judgment for such sum as the evidence should show them to be entitled to recover against the defendant.

By order of the court, made on May 18, 1896, C. H. Foote, Esq , was appointed referee to try all issues of law and fact, and report his findings and conclusions of law in the case. On September 8, 1896, said referee commenced to hear the testimony, and continued to hear the same from day to day thereafter until the 22d day of said month, when the plaintiffs rested their case. The defendant thereupon filed his motion for a nonsuit. During the argument on the motion for a nonsuit the plaintiffs asked leave to reopen the case for the purpose of introducing other testimony, which they were permitted by the referee to do. Thereupon the argument upon the motion for a nonsuit was continued. At the conclusion of the argument the referee reports that he overruled the motion for a nonsuit, and defendant thereupon declined to offer any evidence in support of his defense, and decided to rely upon his motion for a nonsuit.

On November 19th, thereafter, the referee made and filed in the office of the clerk of the district court his report, containing his findings of fact and conclusions of law. On the 1st day of December, thereafter, the court approved the findings of fact and conclusions of law reported by the referee, and entered a judgment in accordance therewith in favor of plaintiffs. Defendant then filed a motion for a new trial,

which was overruled. From the judgment and the order overruling his motion for a new trial defendant appeals.

*H. G. Swaney,* for Appellant.

*W. N. Noffsinger,* for Respondents.

PEMBERTON, C. J. The defendant claims that the failure of the referee to file his report in court within the 10 days prescribed by Section 1139 of the Code of Civil Procedure, invalidates the report and judgment rendered thereon, and that he is consequently entitled to a new trial. We think this section is directory only, and that the failure of the referee to file his report in 10 days did not entitle the defendant to a new trial. (*Keller* v. *Sutrick,* 22 Cal. 472; *Broad* v. *Murray,* 44 Cal. 228; *McQuillan* v. *Donahue,* 49 Cal. 157.) If the defendant for any reason had desired the report filed sooner than the referee filed it, he should have applied to the court for a proper order in the premises.

The defendant assigns as a further ground for a new trial that the referee did not overrule his motion for a nonsuit when the argument thereon closed, but took it under advisement, and did not in fact rule on it until he filed his report, many days thereafter, and that he was thereby deprived of the right and opportunity to offer any evidence in support of his defense. The referee's report shows that he overruled defendant's motion when the argument thereon closed, and that the defendant thereupon declined to introduce any evidence, electing to stand entirely on his motion for a nonsuit. Affidavits of plaintiffs' witnesses are to the same effect, and show that the defendant absolutely declined to offer any evidence. It is true, affidavits of defendant's counsel are to the effect that they did not waive the right to introduce their evidence after the referee permitted plaintiffs to reopen the case pending the argument on the motion for a nonsuit. But this is positively contradicted by the report and affidavits of the plaintiffs. This question of fact was passed upon by the court on the hearing of the motion for a new trial, and we think the

showing amply supports the ruling of the court thereon. If, as defendant contends, he was deprived of this right by the action of the referee, he should have taken steps at once, when the report was filed, to have the case remanded to the referee to take his evidence. Upon a proper showing, the court would certainly have caused the referee to take and report the defendant's evidence, if he had declined to do so, as claimed by defendant. But there is no showing that defendant ever in fact offered any evidence. We think that the record shows that the defendant intended to stand, and did stand, on his motion for a nonsuit.

The defendant contends that the findings of fact of the referee are in many respects defective, inconsistent, and not supported by the evidence. The referee, in substance, finds that the partnership was created, existed, and was dissolved as alleged in the complaint, and practically admitted by the answer. He also finds that the defendant disposed of a number of cattle belonging to the partnership, the value thereof, that such disposition of the cattle was in violation of the partnership agreement, and that the defendant had refused to account for the proceeds of the sale of the cattle. As a conclusion of law, the referee reports that the plaintiffs are entitled to recover of defendant the value of the cattle. We think the evidence sufficiently supports these findings of fact, and warrants the conclusion of law reached by the referee. The finding are not inconsistent or defective. If defendant, for any reason, was dissatisfied with the findings, he should have filed his exceptions thereto, which he did not do.

The contention is made, also, that the referee erroneously admitted evidence of the contents of certain letters. It is disclosed by the record, that the partnership was formed or entered into by correspondence between the parties. Some of the witnesses testified to the contents of some of these letters. The contents were permitted to be proved after the loss or destruction of the letters had been shown, for the sole purpose, seemingly, of showing a partnership. As the partnership was not denied, we cannot see that there was any neces-

sity for this proof, and, as defendant did not deny the partnership, we fail to see how he could have been injured, in any event, by the introduction of this testimony showing a partnership.

Complaint is also made that witnesses were permitted to testify to the value of the cattle who were not qualified to give such testimony. These witnesses, it is shown, knew the. cattle, saw them frequently, were engaged in raising cattle, and were fully qualified, we think, from the showing, to give evidence of the value of the cattle. This question is fully discussed by this court in *Holland* v. *Huston*, 20 Mont. 84, 49 Pac. 390. There is absolutely no merit in this assignment.

There are a number of errors assigned in the record, but they are all of like character as those treated above, and it is. wholly useless to discuss them in detail. We think the assignments of error are entirely without merit.

The judgment and order appealed from are affirmed.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.