PORTER, Adm'r., Respondent, *v.* HAWKINS, Appellant.

(No. 1,474.)

(Submitted February 25, 1903.   Decided March 7, 1903.)

*Evidence—Value—Opinions of Non-Expert Witnesses—Ownership—Conversion—Instructions—Review.*

1.  Since the opinion of a non-expert witness, with reference to matters concerning the ordinary affairs of life where from the very nature of the question involved its answer necessarily depends upon mere opinion or judgment, may properly be given in evidence,—a non-expert witness may testify as to the value of hay and of a barn.

2.  In an action for conversion against a sheriff, who sold as the property of plaintiff's husband buildings and hay alleged to belong to plaintiff, testimony of her witness as to where she secured the lumber that went into the buildings, what it cost, and that it had been paid for by her, is competent on the question of her ownership.

3.  An instruction must be read and considered as a whole.

*Appeal from District Court, Custer County; C. H. Loud, Judge.*

Action by T. J. Porter, administrator of Mary Russell, deceased, against James B. Hawkins, a sheriff of Custer county. Judgment for plaintiff, and defendant appeals.   Affirmed.

*Mr. C. R. Middleton,* and *Mr. George W. Farr,* for Appellant.

*Messrs. Strevell & Porter,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1894, Leo C. Harmon recovered a judgment in the district court of Custer county against D. H. Russell, and had execution issued thereon, and placed in the hands of the appellant, Hawkins, who was the sheriff of that county, for service.   The sheriff levied the same upon 78 tons of hay, a house, a barn, and two outbuildings.   As soon as she became aware of such levy, Mary

Russell, the wife of D. H. Russell, made a third-party claim to the property seized, and demanded of the sheriff its return to her; but, notwithstanding such notice and claim of ownership on her part, the sheriff proceeded to sell the property, and applied the proceeds from such sale towards the satisfaction of the judgment recovered by Harmon against D. H. Russell. Thereupon the plaintiff commenced this action against the sheriff for the conversion of the property and for damages, alleging that the property so seized and sold was of the value of $869. The sheriff's answer put in issue all the material allegations of the complaint, and set up affirmatively that the plaintiff, Mary Russell, is an Indian woman of the Sioux tribe of Indians; that she has never severed her tribal relations, but is still receiving rations and annuities from the federal government as a member of such tribe. These allegations were denied in the reply. Upon the trial the plaintiff offered in evidence the testimony of the witnesses Clark, Dugan, Zeigler, and D. H. Russell to prove the value of the property seized by the sheriff, and also offered in evidence a patent from the United States to her for 160 acres of land under the allotment act. Among others, the court gave to the jury instruction numbered 12, which is as follows: "The court instructs the jury that if the jury believe from a preponderance of evidence that the hay in question, or any part of it, was in the year 1895 cut upon the allotment of the plaintiff, then such hay would, in law, be the property of the plaintiff, if not otherwise disposed of; and, although such hay may have been stacked off of such allotment, it would still be the property of the plaintiff, and the defendant could not lawfully seize the same, or sell it, upon the execution against D. H. Russell; and under this condition of evidence the plaintiff is in this action entitled to recover her damages from the defendant for taking such hay and selling the same by the defendant under the execution." The jury returned a verdict in favor of the plaintiff for the sum of $539, and judgment was entered thereon for that amount, from which judgment and an order denying defendant's motion for a new trial this appeal is prosecuted.

The first six assignments of error have to do with the action of the court in admitting in evidence the testimony of the witnesses Clark, Dugan, Zeigler, and Russell as to the value of the property in controversy, and the admission in evidence of the plaintiff's patent.

One of the material issues raised by the pleadings and contested at the trial was the value of the property seized by the sheriff. Clark and Dugan each testified that he knew the plaintiff's ranch, knew something of the character of the hay grown thereon, and the value of hay of that general character at the time of the levy and sale by the sheriff. The witness Zeigler testified that he had had some experience in constructing such buildings as the barn in controversy, had seen the one seized by the sheriff, and knew something of its value. It is true that under a severe cross-examination these witnesses each modified his direct testimony somewhat. All of this evidence was objected to on the ground that the several witnesses had not qualified as experts. Upon this phase of the case we content ourselves with the citation of decisions from this court, though numerous cases might be cited in support of the proposition that with reference to those matters concerning the ordinary affairs of life, where, from the very nature of the question involved, its answer necessarily depends largely upon mere opinion or judgment, the opinion of a nonexpert witness may properly be given in evidence; and this has been adjudged to include questions of distance, weight, value, etc. (*Holland* v. *Huston,* 20 Mont. 84, 49 Pac. 390; *Emerson* v. *Bigler,* 21 Mont. 200, 53 Pac. 621.) It is only in those cases where a previous habit of study is essential to the formation of the opinion sought to be put in evidence that all but experts are excluded from giving in evidence an opinion. (*Spear* v. *Drainage Commissioners,* 113 Ill. 632.)

The witness Russell was permitted, over the objection of the defendant, to state where the plaintiff secured the lumber which went into the construction of the buildings, what it cost, and that it had been paid for by the plaintiff. The patent from the government was introduced in support of the plaintiff's claim

that she owned the property, and particularly the hay, which she contended at the trial had been cut from the particular piece of land described in the patent. All of this testimony was properly admitted. It was some evidence of her ownership of the property in controversy. It may have had much or little weight with the jury, but it was competent and material, and the court committed no error in submitting it to the jury for their consideration.

Particular stress is laid upon the alleged error of the court in giving instruction No. 12, upon the theory that by the last sentence of that instruction the court assumed to tell the jury what the evidence on one particular feature of the case was, and to that extent invaded the province of the jury. But, read in connection with, and in the light of, the first portion of the instruction, and considering the instruction as a whole—which must necessarily be done—the apparent defect disappears altogether, and the instruction, though inartificially drawn, correctly states the law.

We have examined the other errors assigned, and find no merit in them. The evidence is amply sufficient to sustain the verdict for the amount returned.

Before the hearing was had in this court, the plaintiff and respondent died, and T. J. Porter, administrator of the estate of said Mary Russell, deceased, was substituted as plaintiff and respondent.

The judgment and order appealed from are affirmed.

*Affirmed.*

Mr. Justice Milburn, being ill, did not hear the argument and takes no part in the foregoing decision.