SULLIVAN, RESPONDENT, *v.* GIRSON ET AL., APPELLANTS.

(No. 2,676.)

(Submitted June 11, 1909.   Decided June 17, 1909.)

[102 Pac. 320.]

*Claim .and Delivery—Findings—Nature of Action—Parties— Present Possession—Opinion and Expert Evidence—Secondary Evidence.*

Claim and Delivery—Findings—Responsiveness to Issues.
   1.  In claim and delivery, a general finding of the issues in favor of plaintiff includes all the issues, except that of value; therefore the contention that the general verdict in such an action was insufficient to support the judgment, in that it did not specifically find that at the commencement of suit defendants wrongfully detained from plaintiff the possession of the property in dispute, was without merit.

Same—Nature of Action—Parties.
   2.  The purpose of an action in claim and delivery being·to recover possession of specific property, or the value of it in case possession of it cannot be had, the person who at the commencement of suit has possession of and wrongfully detains it, is the proper person to be sued.

Same—Present Possession by Defendant—Evidence.
   3.  Evidence which showed that defendants, engaged in the pawnbroking business, admitted that they had a ring which was the subject matter of a suit in replevin, on the day before suit and on the day action was begun but before it was actually brought, *held* sufficient to have made out a *prima facie* case of the present actual possession by defendants at the time the action was commenced.

Same—Opinion Evidence—Value.
   4.  A witness who had purchased a ring about two and one-half years prior to the time it became the subject of an action in claim and delivery, and who testified that he had frequently priced and purchased precious stones in different cities and knew what stones of the size and quality of those in the ring were selling for in the city in which the controversy arose, was competent to estimate its value, even though he had not qualified as an expert.

Same—Expert Evidence—Value.
   5.·  An expert on precious stones was properly allowed to give an opinion, as to the value of a ring, based upon its description and a comparison of it with a similar one exhibited to the jury.

Same—Secondary Evidence—When Proper.
   6.  *Semble:* It would seem that, after refusing to produce a ring sought to be recovered in an action in claim and delivery, for inspection by witnesses and jury, and thus rendering it impossible for plaintiff to present the best evidence of its value, defendants ought not to be heard to complain that the best evidence was not produced upon that question.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Sophia Sullivan against David G. Girson and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*Mr. L. P. Forestell,* for Appellants.

*Mr. T. F. Nolan,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in claim and delivery. The plaintiff seeks to recover the possession of one gold ring with Tiffany setting, containing two diamonds and one ruby, of the alleged value of $1,000. The pleadings present the usual issues as to title and right to possession in plaintiff, the wrongful detention by the defendants, and the value. Upon the evidence submitted upon these issues, the jury returned the following verdict: "We, the jury, find our verdict for the plaintiff and against the defendants. We find that Sophia Sullivan, the plaintiff is the owner and entitled to the possession of the property in controversy, the ring. We find that the value of the ring is eight hundred and fifty dollars ($850). We find that the plaintiff has been damaged by the detention of the property by the defendants in the sum of no dollars." Judgment was thereupon rendered and entered for plaintiff. Defendants have appealed from the judgment and an order denying them a new trial.

1. The first contention made is that the verdict is not sufficient to support the judgment, in that it does not respond to the material issue of wrongful detention by defendants. Counsel cites *Glass* v. *Basin & Bay State Min. Co.,* 31 Mont. 21, 77 Pac. 302, as authority for the proposition that it was incumbent upon the plaintiff to allege and prove that at the commencement of the action the defendants wrongfully detained

the possession of the property from her, and argues that, since the verdict does not specifically find on this issue, it is insufficient. There is no merit in the contention. It may be conceded, as counsel contends, that a mere finding that the plaintiff had the right of possession at the beginning of the action would not sustain a judgment for an unlawful detention; yet a general finding of the issues in plaintiff's favor includes all the issues, except that of value. The verdict here contains the general finding in favor of plaintiff, together with a finding of value. It conforms substantially with the requirements of section 6760 of the Revised Codes, and is amply sufficient to support the judgment. (*Miles* v. *Edsall,* 7 Mont. 185, 14 Pac. 701.)

2. It is said that the evidence is not sufficient to sustain the verdict, in that it fails to establish the fact that the defendants were in possession of the ring when the action was brought. Whatever may be the rule elsewhere, it is settled in this jurisdiction that the right to maintain the action depends upon the situation and condition of things at the time it is brought. The purpose of it being to recover possession of the specific property, or, in the alternative, the value of it in case the possession cannot be had, the person who has possession of it and wrongfully detains it is the proper person to be sued. The action must therefore fail if the evidence shows that, when it was commenced, the defendant had parted with the possession. (*Glass* v. *Basin & Bay State Min. Co.,* 31 Mont. 21, 77 Pac. 302; *Osmers* v. *Furey,* 32 Mont. 581, 81 Pac. 345.) In this respect the action differs from an action in conversion. In conversion present possession of the property is immaterial, because the plaintiff seeks compensation for the wrongful taking or detention, by way of damages (*Riciotto* v. *Clement,* 94 Cal. 105, 29 Pac. 414), and it is incumbent upon the plaintiff to go no further than to show his title or right of possession, the value, and the wrongful taking or detention.

This action was brought on October 26, 1907. Plaintiff's evidence tended to show the following: The ring in controversy was taken by the minor daughter of the plaintiff, without her

knowledge, and pledged with the defendants, who are pawn-brokers, to secure a loan of $80. This was done on October 18, 1907. A day or two afterward the plaintiff, having discovered its whereabouts and obtained the pawn ticket, went to the defendants' place of business and demanded possession. The defendants, admitting that they had it, refused to deliver it up until the loan should be made good. On October 25 or 26, J. J. Sullivan, the husband of plaintiff, in company with an officer, made a like demand. At that time the defendants, according to Sullivan's testimony, admitted that they had the ring and were ready to deliver it up whenever the loan was repaid. A stipulation in the pawn ticket required the defendants to retain possession of the ring and to return it to the pledgor or bearer, upon payment of $88, at any time on or before November 19. Though the interview was somewhat heated and acrimonious, there was no suggestion by either of the defendants that the ring was not then in their possession. Upon the principle that the admitted prior possession of the defendants on October 25 and on the following day, but before the action was brought, was evidence of such possession during that day (Wigmore on Evidence, sec. 382), the admissions of the defendants, aided by the presumption that the ordinary course of business had been followed (Revised Codes, sec. 7962), was sufficient to make out a *prima facie* case of the present actual possession by defendants at the time the action was commenced, and warranted a verdict for plaintiff in the absence of countervailing evidence sufficient to rebut it. In order to overcome this evidence, the defendant Girson testified that he had parted with the possession of the ring on the afternoon of Friday, October 25, having deposited it with "a party," with other articles, as security for a loan of $1,000, and that, when demand was made for it by Sullivan, who came to the store with the officer on October 26, he refused to give it up, but was not asked, nor did he admit, that he had it in his possession. Upon being asked who the party was from whom he had obtained the loan, he stated that he was a jeweler, a friend of his, giving his name as Snyder, doing business on Park street, but could or would not give his

street number nor tell his place of business, except by a somewhat vague general description. He also showed a memorandum in a book, reading, "October 25, diamond ring, $80, left as security," intending the court and the jury to understand, though not venturing to so state, that the entry had been made as a memorial of his transaction with Snyder. Defendant Neer, after stating that his codefendant had pledged the ring with Snyder on October 25, and that the entry in the book had been made by Girson, related what occurred at the time the demand was made by Sullivan, as follows: "There was a party came in —or a lady and gentleman—I guess Mr. and Mrs. Sullivan. They came in and showed me the ticket, and they said, 'Was this here pawned here?' This was before the suit was started. This was on Saturday afternoon [the 26th], and I said: 'Yes, that ring is here. That ring was pawned here.' And they said, 'The ring is mine, and I want it.' I said, 'I couldn't do anything for you,' and they went away." When questioned as to whether, when the pledge was made with Snyder, any receipt or any other evidence of the deposit had been taken from him, he stated that he did not know. No such evidence was produced, nor was Snyder called to testify.

Taking into consideration the direct and implied admissions made by the defendants subsequent to the time of the alleged pledge to Snyder, as testified to by plaintiff's witnesses, together with their somewhat evasive, incongruous, and contradictory statements on the stand, and their failure to produce the witness Snyder or other evidence to confirm their story of the pledge to him, the credit to which they were entitled presented a question for the jury. It was exclusively within their province to say whether defendants' testimony was of sufficient weight to overcome the *prima facie* case made out by the plaintiff.

3. It is said that the court erred in permitting the witness Sullivan to testify as to the value of the ring, in that he had not qualified as an expert. It appeared from his preliminary statement: That he had frequently priced and purchased precious stones in New York, Chicago, and Butte; that he had pur-

chased the ring in controversy and presented it to the plaintiff about two and one-half years before the trial; and that he knew what stones of the size and quality of those in the ring were selling for in Butte. While he did not qualify as an expert, yet he showed sufficient familiarity with the character of the article and the market price in Butte to be permitted to estimate its value, within the rule, often announced by this court and recognized by the courts generally. (*Holland* v. *Huston,* 20 Mont. 84, 49 Pac. 390; *Emerson* v. *Bigler,* 21 Mont. 200, 53 Pac. 621; *Porter* v. *Hawkins,* 27 Mont. 486, 71 Pac. 664; *Osmers* v. *Furey,* 32 Mont. 581, 81 Pac. 345; Wigmore on Evidence, secs. 716 *et seq.*)

The plaintiff had not secured delivery of the ring at the commencement of the action, and defendants had been notified by plaintiff's counsel to produce it at the trial in order that it might be examined by the witnesses upon the question of its value and be inspected by the jury. The defendants refused to produce it. In order to obtain some expert testimony on the subject of value, Sullivan was permitted to describe the ring, stating the apparent quality and size of the stones, as compared with a similar one exhibited to the jury. Thereupon the witness Barry, a jeweler of experience and for many years a dealer in precious stones, was permitted to express his opinion as to the value of the ring in controversy, by comparison of it with the one exhibited to the jury, upon the description given of the other by Sullivan. Objection was made to this testimony on the ground that it was incompetent, for the reason that the evidence as to the resemblance between the two rings was too vague to furnish the basis of an estimate. That it is competent for an expert witness to base his opinion, as to value, upon a description of the article in controversy, seems too clear to admit of doubt; otherwise, owing to lack of knowledge or capacity in those who have seen it, it would often be impossible to establish its value. An opinion based upon such a description merely may not be so satisfactory as in the case where the witness bases his opinion upon his own observation; yet the admissibility of it rests upon the same basis as an opinion

given in answer to any hypothetical question incorporating a statement of facts. (*Whitebeck* v. *New York Central Ry. Co.,* 36 Barb. (N. Y.) 644; Lawson on Expert and Opinion Evidence 23.) Nor was its competency affected by the fact that another ring was used to illustrate the description given by Sullivan by way of comparison. This, it would seem, was an aid to an understanding of the description, rather than the contrary. In any event, it would seem that, after refusing to produce the ring for the inspection of witnesses and the jury, and thus rendering it impossible for plaintiff to present the best evidence of its value, defendants ought not to be heard to complain that the best evidence was not produced.

We find no error in the record. The judgment and order are therefore affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.