SULLIVAN, APPELLANT, *v.* FRIED ET AL., RESPONDENTS.

(No. 2,903.)

(Submitted November 19, 1910.   Decided December 7, 1910.)

[112 Pac. 535.]

*Claim and Delivery—Execution—Appeal—Stay Bonds—Liability of Sureties—Complaint—Sufficiency.*

Pleadings—Complaint—Sufficiency—How Tested.
   1.   Where plaintiff in stating his cause of action shows a right in himself, a corresponding duty owed him by the defendant concerning that right, and a breach of such duty by the defendant, the statement of a cause of action is complete.

Claim and Delivery—Execution—Action on Stay Bond—Complaint—Sufficiency.
   2.   The complaint in an action on an undertaking given to stay execution pending appeal from a judgment in favor of plaintiff in claim and delivery, which alleged that the bond was given by defendants to procure a stay of execution; that the judgment appealed from was affirmed; that the property had not been returned nor any part of its value paid, and that execution had been issued and returned wholly unsatisfied, was sufficient to state a cause of action.

Same—Complaint—Indefiniteness—General Demurrer.
   3.   The complaint above referred to, while indefinite in that it failed to allege specifically that the amount of the stay bond was fixed by the court (Revised Codes, sec. 7103), was sufficient to withstand attack by general demurrer, the undertaking itself, containing such recital, having been set forth in full in the complaint.

Same—Complaint—Sufficiency.
   4.   Since the filing of the undertaking required by section 7103, Revised Codes, operates *ipso facto* to stay execution, the fact that it was stayed need not be specifically alleged in the complaint in an action to recover on such undertaking.

Same—Stay Bond—Breach—What Constitutes.
   5.   The condition of the stay bond, that appellants (defendants in an action in claim and delivery) would obey the order of the supreme court on appeal, was broken when, after affirmance of the judgment in favor of plaintiff, they failed to either deliver up the property in controversy or pay him the value thereof, the order of

affirmance having been tantamount to a direction to them to submit to and satisfy the judgment; hence the contention of defendant sureties that a breach of the condition of the undertaking had not been shown because the appellate court had made no direct order was without merit.

Same—Sufficiency of Undertaking—Description of Subject Matter.

6. The undertaking filed by appellants (defendants in claim and delivery) contained three obligations, the first in the form of the usual undertaking on appeal, describing the judgment sought to have reviewed. The third, in the form of that required to be given under section 7103, Revised Codes, to stay execution pending appeal, simply referred to "said judgment so appealed from." *Held*, in an action to recover on the last that the judgment was sufficiently identified by the words quoted. (Revised Codes, sec. 7107.)

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

ACTION by Sophia Sullivan against Max Fried and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*Messrs. Nolan & Donovan* submitted a brief in behalf of Appellant. *Mr. Nolan* argued the cause orally.

The complaint was sufficient. Every ultimate fact from the first step taken in *Sullivan* v. *Girson et al.,* when the plaintiff first started in pursuit of the stolen property, the proceedings in the district court, the execution and delivery of the undertaking, the indorsement of the judgment of the district by the supreme court, the return of the case affirmed to the district court, down to the exhaustion by execution of her remedy against the principals are set forth with "certainty to a common intent," through the medium of "ordinary and concise language," with due regard to phraseology, choice of words, and selection of terms, omitting, however, what is known in literature as style, as being neither appropriate to the statement of a cause of action nor within the capacity of the pleader. "No greater particularity is required than the nature of the thing pleaded will conveniently permit." (Stephen's Pleading, 367; see, also, *Pieper* v. *Peers*, 98 Cal. 42, 32 Pac. 700; *Shoning* v. *Coburn*, 36 Neb. 76, 54 N. W. 84.)

Against sureties it is not necessary to allege a breach by them. It is sufficient if it be alleged that the principals have not complied with the conditions of the bond. (*Farley* v. *Moran* (Cal.), 31 Pac. 158.)

A demand before suit is unnecessary in a suit on an appeal undertaking. (*Montana M. Co.* v. *Milling Co.*, 19 Mont. 322, 48 Pac. 305.)

In behalf of Respondents, there was a brief, as well as oral argument, by *Mr. J. E. Healy*.

We do not think that the court can fairly tie the undertaking in question here to section 7103, Revised Codes. The rule of *noscitur a sociis* should be applied in the interpretation of that section, and the association in which we find the word "delivery" does not indicate that the statute is or was intended to cover cases other than those which contain positive directions concerning the assignment or delivery of documents or personal property, which is of such nature and character as will permit "the things required to be assigned or delivered to be placed in the custody of such officer or received as the court may appoint," etc. A judgment in claim and delivery does not direct the delivery of personal property so that it may be said to be within the purview of this section. No provision is made in law for the placing of the personal property replevined in the custody of the court or officer of the court in the claim and delivery statute, and this statute is supposed to be exclusive in its terms and conditions.

Besides this, the judgment in the claim and delivery action is in the alternative; it does not direct the return of property, it gives an option of return, or the payment of a sum in the place of the property. A direction of a court made with such an option is hardly a direction at all. There was no money judgment alleged in the complaint, and there was no pleading which even attempted to state that there was any refusal to obey any order of the appellate court, relating to any money judgment. In this respect the complaint herein is different from the cases

relied upon in the appellant's brief, and the case of *German Nat. Bank* v. *Beatrice etc.,* 69 Neb. 115, 95 N. W. 49, 5 Ann. Cas. 88, is directly in point, as sustaining the action of the lower court.

The undertaking herein, being statutory only, must be recovered upon as such, and cannot be recovered upon as a common-law bond. (*Olsen* v. *Birch,* 1 Cal. App. 99, 81 Pac. 656; *King* v. *Pony etc. Min. Co.,* 24 Mont. 470, 62 Pac. 785.) The condition of a bond to obey the order of one court will not by construction be extended to include the order of some other court. (*Schuster* v. *Weiss,* 114 Mo. 158, 21 S. W. 438, 19 L. R. A. 185.)

While the courts view pleadings broadly and the section of the statute requires a construction of pleadings which will accord with substantial justice, this section does not require, or permit, the court to read into a pleading allegations which are essential, but which are not pleaded. (Revised Codes, sec. 6566; *Conrad Nat. Bank* v. *G. N. R. R. Co.,* 24 Mont. 182, 61 Pac. 3.) A *supersedeas* bond must follow the statute. (2 Cyc. 897, note 14.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action to recover upon an undertaking to stay execution pending appeal from a judgment recovered by the plaintiff in an action in claim and delivery. The judgment in question was affirmed by this court in *Sullivan* v. *Girson et al.,* 39 Mont. 274, 102 Pac. 320. The trial in the district court resulted in a judgment of nonsuit in favor of defendants. Plaintiff has appealed from the judgment.

The complaint recites the history of the litigation in the original action terminating in the judgment in favor of plaintiff declaring her entitled to recover the property in controversy, or, in case delivery thereof could not be had, to recover the sum of $850, with the costs of the action. It alleges that, upon rendition of the judgment, the defendants Girson and Neer, instead of delivering up the property or paying the plaintiff the value thereof as declared by the judgment, appealed to the supreme

court and executed the undertaking with defendants Fried and Rafish sureties thereon. The undertaking is set out *in haec verba*, and contains three distinct obligations: The first in the form of the usual undertaking on appeal in the sum of $300, and conditioned to pay the costs awarded upon an affirmance of the judgment or a dismissal of the appeals; the second in the form of an undertaking on *supersedeas* to stay the judgment for costs in the district court and in double the amount thereof; and the third, the one upon which recovery is sought in this action. This last is as follows: "And whereas the appellant is desirous of staying the execution of the said judgment so appealed from, in so far as it relates to the delivery of the possession of the said personal property, we further, in consideration thereof, and of the premises, jointly and severally undertake and promise and do acknowledge ourselves further jointly and severally bound in the further sum of seventeen hundred dollars (being the amount for that purpose fixed by the judge of this court) to the effect that the appellants and each of them will obey the order of the appellate court upon the appeals or either of them herein." It is then alleged:

"(4) On the eleventh day of June, 1909, at the June term, A. D. 1909, said appeal was argued in the said supreme court, and on the seventeenth day of June, 1909, the said supreme court affirmed the judgment of the district court made and entered on the eleventh day of March, 1908, as aforesaid, declaring the plaintiff to be the owner of and entitled to the possession of said personal property.

"(5) On the seventh day of July, 1909, the *remittitur* of said supreme court was received and filed in the office of the clerk of said district court, and thereafter plaintiff served and filed upon Girson and Neer her claim for costs incurred on said appeal in the sum of $16.55, to which no objection was filed by said Girson and Neer within the time allowed by law.

"(6) That said Girson and Neer, nor either of them, have returned or offered to return said property.

"(7) That on the tenth day of August, 1909, an execution was issued to the sheriff of said county on said judgment against said Girson and Neer, and returned wholly unsatisfied on the twenty-first day of August, 1909.

"(8) That the defendants Rafish and Fried have paid the costs of the supreme court and of the district court, to-wit, $45.55. That they have not paid the principal sum of $850, nor any part thereof, nor the interest due thereon, nor returned the said property to plaintiff, nor has plaintiff now the said property.

"(9) That plaintiff has sustained damages in the premises in the sum of $850, together with interest at the legal rate from the eighth day of December, 1908."

The answer of the defendants Fried and Rafish admits all the allegations of the complaint, except that a return, or an offer to return, the property has not been made to plaintiff, and that execution has been issued against defendants Girson and Neer, and returned wholly unsatisfied. The answer of defendant Neer is substantially a copy of that of Fried and Rafish. Girson did not appear in the action. The trial court granted a nonsuit on the ground that the complaint does not state facts sufficient to constitute a cause of action. In our view the ruling was erroneous.

It is alleged that the undertaking was given by the defendants to procure a stay of execution; that the judgment of the district court was affirmed; that the property has not been returned; that an execution has been issued and returned wholly unsatisfied; and that no part of the sum of $850, the value of the property, has been paid. If in stating his cause of action the plaintiff shows a right in himself, a corresponding duty owed to him by the defendant concerning this right, and a breach of this duty by the defendant, the statement of a cause of action is complete. The allegations contained in the complaint are sufficient to meet this requirement.

The section of the statute under which the undertaking was given is the following: "Sec. 7103. [Revised Codes.] If the judgment or order appealed from direct the assignment or de-

livery of documents or personal property, the execution of the judgment or order cannot be stayed by appeal, unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be entered into on the part of the appellant, with at least two sureties, and in such amount as the court, or a judge thereof, may direct, to the effect that the appellant will obey the order of the appellate court, upon the appeal.'' It is not specifically alleged that the amount of the undertaking was fixed by the court, but the instrument is set forth in full and contains a recital that such was the fact. This renders the complaint indefinite in this particular, but we think it is sufficient to withstand attack by general demurrer. Under the provisions of the statute the filing of the undertaking after the amount has been fixed by the court for that purpose operates *ipso facto* to stay execution, and that it was stayed need not be specifically alleged.

It is said by counsel for respondents that the judgment should be affirmed, for the reason that the sureties undertook only to obey the order of the appellate court, and, that since no order was made other than that affirming the judgment of the district court, it does not appear that there has been a breach of the undertaking. There is no merit in this contention. The obligation assumed by the sureties as the statute provides was that the appellants in the case of *Sullivan* v. *Girson et al.* should obey the order of the appellate court. The affirmance of the judgment was a direction to the district court to execute the judgment it had theretofore rendered. This was tantamount to an order by this court directing the appellants to submit to and satisfy the judgment, either by delivering up the property or paying the value of it. Any other view would defeat the purpose of the statute, *viz.*, that the respondent, in case execution is stayed, shall have the assurance that at the end of the litigation he may have satisfaction of his judgment, if not by the appellant, then by those by whose intervention the judgment was stayed.

The further contention is made that the undertaking is too indefinite and uncertain to furnish a basis of recovery, because it contains no sufficient description, by way of introductory recital, to identify the judgment. This contention is without merit. The reference in the undertaking is to "said judgment so appealed from." The statute (Revised Codes, sec. 7107) declares that the "undertakings prescribed in the foregoing sections may be in one instrument or several, at the option of the appellant." Clearly, the purpose of this provision is to enable an appellant to have one set of sureties execute one instrument instead of several, and to make the merely formal parts of one of the obligations assumed by them answer for all, and thus relieve him of the necessity of writing out each instrument in full. The appropriate reference to the description of the subject matter set out as an introduction to the first undertaking is sufficient for all purposes.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.