STORY, appellant, *v.* MACLAY ET AL., respondents.

EVIDENCE — *Conclusiveness — Civil action.* — In a civil action, an affirmative defense may be established by a preponderance of evidence on the testimony of one witness; preponderance of proof does not mean the larger number of witnesses.

*Appeal from First District, Gallatin County.*

ACTION upon an account. Judgment for defendants Maclay and others. Plaintiff appeals.

LUCE & ARMSTRONG and H. N. BLAKE, for the appellant.

SANDERS, CULLEN & SANDERS, for the respondents.

BACH, J.   The complaint sets out an action upon an account for services rendered upon an implied contract for hauling freight, which the complaint alleges was reasonably worth the sum of $2,260. The answer, after denying any

indebtedness, alleges, as a defense to the cause of action set forth in the complaint, that, at the time mentioned in the complaint, both the plaintiff and the defendants had trains on Milk river; that the plaintiff was desirous that his train should reach the vicinity of the Crow agency and Bozeman, and the defendants were desirous that their train should proceed via Fort Belknap, to the vicinity of Sun river; that the plaintiff had goods to be transported to Fort Belknap, and defendants had freight to be transported to said Crow agency or Bozeman; and that it was agreed between the defendants and the plaintiff, by W. W. Alderson, his agent, that, in consideration that these defendants would haul plaintiff's freight to Fort Belknap, the plaintiff would haul defendant's freight to the Crow agency and Bozeman. The answer then alleges the performance by the defendants of their portion of the contract. The replication denies the contract set out in the answer, and also denies that Alderson ever was the agent of the plaintiff. The replication further alleges that the defendants collected and received full compensation for the hauling of all the freight in said answer specified, including all freight hauled by plaintiff and defendants. There are other matters set out in the pleadings, but they do not concern the questions before this court.

During the trial of the cause the defendant Broadwater testified as follows, relating to a conversation which he had with the plaintiff prior to the time mentioned in the answer: "Mr. Story told me he had a train going down into that country, and, if we found we had any use for them, he would be glad to let us have the use of them; that Mr. Alderson was his agent, and that any arrangement we made with him would be perfectly satisfactory to him, and binding upon him." And again the same witness testified that Mr. Story said: "Mr. Alderson is my agent down there, and anything he does is binding upon me." The plaintiff, Nelson Story, denied in his testimony that he ever had any such conversation with Mr. Broadwater. The wit-

ness Alderson testified on this point: "I had no special authority from Mr. Story. I simply acted on a simple verbal request." Edgar G. Maclay testified to the making of the contract with Alderson as agent of the plaintiff, as that contract is set out in the answer, and adds, as one of the terms of the contract, that each party was to collect his own freight. Upon this point the witness Alderson testified that the witness Maclay did propose the said contract, and that he (Alderson) consented as far as he was concerned, and as far as he represented Mr. Story's interest in the exchange. Other material facts will appear in the opinion.

The case was tried by the court without a jury, and judgment was rendered by the court in favor of the defendants. The court found several findings of fact, of which those that are pertinent to this appeal are as follows: (1) That the services in freighting goods, mentioned in plaintiff's substituted amended complaint, were rendered under an agreement made by W. W. Alderson, as plaintiff's agent, that the consideration and compensation therefor were to be certain other services in freighting goods by the defendants for plaintiff to Fort Belknap, which services were rendered by the defendants as agreed upon; (3) that said Alderson had authority to make such agreement on behalf of plaintiff; (4) that the plaintiff rendered the services in freighting the goods to the Crow agency and Bozeman, mentioned in said complaint, under the agreement before herein found.

As conclusions of law, the court held, omitting irrelevant findings, (2) that there is nothing due the plaintiff from the defendants for or on account of the matters sued for in this action; (3) that the defendants are entitled to a judgment for costs.

The motion for a new trial is based upon (1) insufficiency of the evidence to justify the findings and decision of the court; (2) errors of law occurring at the trial, and excepted to by the plaintiff.

It is alleged that the first finding of fact is not sustained

by the evidence, in that (among other things) the testimony does not prove that Alderson was the agent of the plaintiff; and it is also alleged that the third finding of fact is not sustained by the evidence, in that the testimony does not prove that Alderson had any authority to make the agreement specified in the first finding of fact.

We will consider these two alleged errors as one.

The position of the plaintiff's counsel is this: The allegations of agency, and of the contract, and the power of the agent to make the same, are matters of affirmative defense; that the burden is upon the defendant to establish those allegations by a preponderance of testimony; that only one witness testified upon that point for the defendants, while two testified to the contrary for the plaintiff; therefore the preponderance of testimony was not in favor of but against the defendants; the motion for a new trial should have been granted; and this court should reverse the order denying that motion. We do not understand that to be the result of the statement that the burden of proof is upon one or another of the parties to a civil action. If, after hearing all the testimony in a case, the jury, or the judge trying the cause without a jury, cannot determine an issue affirmatively, or negatively, then the issue should be found against the party upon whom it was incumbent to establish that issue, because of his failure so to do. But, when the issue is established by evidence to the satisfaction of the jury or the judge, then it should be so declared, although the affirmative of the issue was established by one witness, and the negative of the issue was testified to by several witnesses. If one of two witnesses testifies in the negative, and the other in the affirmative, and the judge or jury cannot determine from the manner of the witnesses, or from the circumstances of the case, which of the two is testifying truly, then the issue should be determined against the party asserting the same. However, one witness may assert the affirmative, and still the judge or jury may believe the one and doubt the others.

Preponderance of proof does not mean the larger number of witnesses. Section 598 of the code provides as follows: "The direct evidence of one witness, who is entitled to full credit, is sufficient for proof of any fact, except perjury and treason." That is not a new rule of evidence in civil cases.

However, we think the appellant overrates the effect of the testimony of Alderson, who could not establish or disprove his agency in this case, for he was not present at the conversation referred to in the testimony of the defendant Broadwater. The plaintiff said he never had such a conversation. There is a direct conflict of testimony. The court below believed the defendant Broadwater's testimony, which fully establishes the agency, irrespective of any evidence from Alderson on that point. The judge trying the cause below had the witnesses before him; the testimony of Broadwater sustains the finding of fact on the question of agency; and we cannot, under the authorities, or upon any principle, reverse, upon that ground, the order denying the motion for a new trial. The same rule applies to findings of fact by the court as to the verdict of a jury.

This ruling also disposes of the alleged insufficiency of the evidence to sustain the findings of fact that the contract alleged in the answer was made by the parties, and that defendants performed their part of the contract. Defendant Maclay testified to the making of the contract. Alderson testified that he made the contract so far as he represented the plaintiff, and, as to the performance of the contract, Maclay testified that he hauled the goods to Fort Belknap. The defendants having fully performed their portion of the express contract,— having paid the express consideration for the benefit they derived,— the plaintiff cannot disregard the express contract, and sue in *assumpsit* upon an implied contract for a reasonable compensation.

We must now consider the last paragraph of the replication, which states that defendants received all moneys for hauling the freight. Plaintiff has endeavored to raise a

question in this case relative to accord and satisfaction, in connection with the last paragraph in the replication. There is no such question in this case. The pleadings, the evidence, and the findings show an express contract, the terms of which have been fully complied with; and defendant discharged his obligation under that contract in the terms thereof. Mr. Parsons, in his valuable work on Contracts (volume 2, p. 281) defines " accord and satisfaction " to be " substantially another agreement between the parties in satisfaction of the former one, and also an execution of the latter agreement." In Bouvier's Dictionary the definition of " accord and satisfaction " is, " A satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon this account." How, then, can a question of accord and satisfaction arise in a contract the parties to which have fully performed their agreements under that contract?

The paragraph of the replication referred to, as counsel for respondent states, tends to show an action in the plaintiff against the defendants for money had and received. It is rather difficult to see how such a statement can be properly placed in a replication, the function of which pleading is to deny new matter in the answer, and not to assert a new cause of action in the plaintiff. We need not consider the assertion of the appellant that the contract found was never ratified by the appellant. Ratification of the act of another makes an agency as to that act, but ratification is not necessary where the act is done by a previously authorized agent.

2. As to errors of law. These relate to the ruling of the court upon the admission of evidence. The transcript is of such a nature that we cannot fully consider these errors, some of which relate to matters in the account not in controversy here. The others, as far as we can see, in no possible manner injured the case of the appellant in the court below, and they need not be regarded. Section 279, Code. The findings of fact fully justify the conclusion of

law and the judgment entered. The appeal from the judgment raises no question not already considered.

The judgment and the order denying the motion for a new trial are affirmed, with costs.

*Judgment affirmed.*

WADE, C. J., and GALBRAITH, J., concur.