EMMA ERICKSON v. JOHN DRAZKOWSKI AND JOHN JOHNSON.

*Evidence—Value of household goods—Exemptions—Removal of debtor from State.*

1. Householders must be presumed to have such knowledge on the subject so as to render them competent to testify as to the

value of articles of household furniture owned by them, such as housekeepers are accustomed to buy; citing *Printz v. People,* 42 Mich. 144; *Ritter v. Daniels,* 47 Id. 617; *Bowers v. Horen,* 93 Id. 420; *Tubbs v. Garrison,* 68 Iowa, 44; *Storage Co. v. Rogers,* 52 N. W. Rep. 826.

2. Temporary residence in another state, caused by the unlawful seizure of household goods, will not subject the goods to attachment at the suit of the party guilty of the original trespass, on the ground that the owner is a non-resident of this State, and not a householder therein.

Error to Gogebic.    (Haire, J.)    Argued January 19, 1893.    Decided February 3, 1893.

Trespass to personal property.    Defendant Drazkowski brings error.    Affirmed, with $25 for vexatious appeal. The facts are stated in the opinion.

*M. H. Crocker,* for appellant.

*Charles E. Miller,* for plaintiff.

McGRATH, J. This action is brought to recover the value of certain household goods, exempt from execution, taken upon a writ of attachment.

Plaintiff and her husband resided at Ironwood. On the 11th of August, 1891, John Drazkowski, plaintiff in the attachment suit, together with one Eddy, a constable, went to plaintiff's residence, and seized all of the household effects therein, consisting of furniture, beds, bedding, tableware, and kitchen utensils, the aggregate value of which was given at $100.    Plaintiff and her husband had no friends in Ironwood, and few acquaintances.    The result was that they were practically driven from their home, and forced to seek shelter at plaintiff's mother's, about five miles distant, but in the state of Wisconsin.

On the next day, August 12, another writ was issued, at Drazkowski's instance, for the same debt, and placed in

the hands of another constable, the defendant Johnson, who testified "that he took the goods mentioned in the list from Erickson's place under a writ of attachment, and that he did it under instruction from the defendant Drazkowski." A defense is now set up under the second writ, claiming that, at the time of the seizure under that writ, the plaintiff was not a resident of the State of Michigan.

The evidence clearly showed that the plaintiff was in Wisconsin temporarily, because of defendant's unlawful seizure of their household effects, and the trial court very properly directed a verdict for plaintiff.

Plaintiff and her husband testified to the value of the property taken, but it is insisted that their competency to testify upon the question. of value did not appear. The articles seized were such as housekeepers are accustomed to buy, and householders must be presumed to have such knowledge upon the subject as to render them competent to testify as to the value of such articles. *Tubbs v. Garrison*, 68 Iowa, 44 (25 N. W. Rep. 921); *Ritter v. Daniels*, 47 Mich. 617; *Printz v. People*, 42 Id. 144; *Bowers v. Horen*, 93 Id. 420; *Storage Co. v. Rogers*, 52 N. W. Rep. 826.

The judgment is affirmed, and, for vexatious appeal, plaintiff will be entitled to the sum of $25.

The other Justices concurred.