## MATOOLE, RESPONDENT, *v.* SULLIVAN, APPELLANT.

(No. 3,957.)

(Submitted December 5, 1918.   Decided December 16, 1918.)

[177 Pac. 254.]

*Assumpsit — Variance — Failure of Proof — Evidence of Value — Opinions — Appeal and Error — Conflict in Evidence — Affirmance.*

*Assumpsit*—Pleading—Evidence—Variance—Failure of Proof.

1.  In an action to recover the reasonable value of services consisting of cooking, washing, *etc.*, performed for defendant, and of groceries, supplies, fuel, *etc.*, furnished to him by plaintiff, evidence that she "boarded" him did not constitute either a failure of proof or a fatal variance.

Same—Variance—When Immaterial.

2.  A variance which did not mislead defendant in making his defense upon the merits must be deemed immaterial.

[As to right of appellate court to reverse judgment on its own motion for variance, see note in Ann. Cas. 1914A, 468.]

Same—Work and Labor—Evidence of Value—Opinions.

3.  A housekeeper and laundress of long experience was qualified to testify to the reasonable value of her services rendered and the supplies furnished defendant while boarding him.

Appeal and Error—Conflict in Evidence—Affirmance.

4.  Where a verdict, based upon evidence in substantial conflict has the approval of the district court as shown by its denial of a new trial, the supreme court will not interfere even though the evidence as appearing in the record, seems to preponderate in favor of the appellant.

*Appeal from District Court, Silver Bow County, in the Second Judicial District; Ben B. Law, Judge of the Ninth District, Presiding.*

ACTION by Annie Matoole against Jerry R. Sullivan.   Judgment for plaintiff, and defendant appeals from it and an order denying him a new trial.   *Affirmed.*

*Mr. Peter Breen* and *Mr. A. C. McDaniel,* for Appellant, submitted a brief; *Mr. Breen* argued the cause orally.

There was a variance and failure of proof.   There is a material difference between "cooking" for a man and "furnishing him merchandise" and "boarding him."   "Furnish" as used in the

complaint, is equivalent to "sold and delivered," that is, she sold and delivered groceries, fuel, *etc.*, to the defendant.

To "furnish" means to supply or provide. (*Delp* v. *Bartholomay Brewing Co.*, 123 Pa. St. 42, 15 Atl. 871; *Burns* v. *Sewell*, 48 Minn. 425, 51 N. W. 224.) The verb "board" means to receive food as a lodger, or without lodging, for a compensation. (*Pollock* v. *Landis*, 36 Iowa, 651.) To allege merchandise sold and delivered and to prove board certainly constitutes a total failure of proof. A complaint cannot be made elastic so as to bend to the changing views of counsel as the case proceeds. It must proceed to the end upon the theory upon which it is constructed. (*Toledo etc. R. Co.* v. *Levy*, 127 Ind. 168, 26 N. E. 773; *Sanders* v. *Hartge*, 17 Ind. App. 243, 46 N. E. 604; see, also, *Schulz* v. *Annick* (Tex. Civ.), 29 S. W. 916; *Hamilton* v. *James A. Cushman Mfg. Co.*, 15 Tex. Civ. 338, 39 S. W. 641.)

There is another ground of variance and failure of proof. The plaintiff sues upon implied contract, but proves, if anything, an express contract to give a house for services, *etc.*, or "to pay right," as she sometimes puts it. (*In re Craigie's Estate*, 24 Mont. 37, 60 Pac. 495.) Where the complaint is laid in contract and the evidence showed money had and received, there will be a reversal because of failure of proof. (*Haley* v. *McDermott*, 45 Mont. 217; *Lines* v. *Lines*, 54 Iowa, 600, 7 N. W. 87.) Where the action is on an implied contract to pay the reasonable value of services, and the proof shows an express contract, the variance is fatal. (*Wisbey* v. *Boyce* (Tex. Civ.), 27 S. W. 590.)

There is no evidence of the reasonable value of any of the amounts claimed by the plaintiff. She makes the statement in answer to several questions that a certain item is reasonably worth a certain amount. This was insufficient. In an action to recover the value of tools sold, a list of the tools, made by a person whose only knowledge of its correctness was hearsay, was offered to show their value. Such evidence was refused. (*Keller* v. *Bley*, 15 Or. 429, 15 Pac. 705.) To entitle a claimant to

enforce a claim against a decedent's estate for attendance and services, it is essential to offer evidence from which the value of the services may be found. (*Luizzi* v. *Brady's Estate,* 140 Mich. 73, 103 N. W. 574; see, also, *Sims* v. *Petaluma Gaslight Co.,* 131 Cal. 656, 63 Pac. 1011; *Harris* v. *Russell,* 93 Ala. 59, 9 South. 541; *Alexander* v. *McNear,* 28 Fed. 403; *Schwerin* v. *De Graff,* 19 Minn. (Gil. 359) 414; *Thompson* v. *Hartline,* 84 Ala. 65, 4 South. 18.)

Mr. *Louis E. Haven* and Mr. *J. L. Eberle,* for Respondent, submitted a brief; Mr. *Haven* argued the cause orally.

Counsel would give some peculiar meaning to the word "furnish" as used in the complaint and endeavor to show that it meant "delivered," whereas the proof showed that it was merely furnished and supplied to appellant and prepared for him at the house of respondent. We merely cite the court to Words and Phrases, 310–313, where it appears that "furnish" means to provide or to supply, and on page 313, quoting from *Winslow* v. *Urquhart,* 39 Wis. 260, at 268, "furnish" in that state is construed to include a cook rendering services for a logging crew and giving him a lien for furnishing supplies.

The authorities clearly show that a witness such as the respondent is qualified to testify as to such services and personal property as those in question here. (17 Ency. of Law and Procedure, 112, 113, 116; 1 Wigmore on Evidence, secs. 715, 716; *Porter* v. *Hawkins,* 27 Mont. 486, 71 Pac. 664; *O'Meara* v. *McDermott,* 40 Mont. 38, 104 Pac. 1049; *Storms* v. *Lemon,* 7 Ind. App. 435, 34 N. E. 644; *Hufford* v. *Neher,* 15 Ind. App. 396, 44 N. E. 61; *Seckerson* v. *Sinclair,* 24 N. D. 326, 625, 140 N. W. 239; *Lincoln Supply Co.* v. *Graves,* 73 Neb. 214, 102 N. W. 457; *Sandberg* v. *Borstadt,* 48 Colo. 96, 109 Pac. 419.)

MR. JUSTICE PIGOTT delivered the opinion of the court.

In this action plaintiff recovered judgment from which, as well as from an order denying him a new trial, defendant appeals.

The complaint states two causes of action which are, in substance, that between March 10, 1905, and July 15, 1914, plaintiff at defendant's request performed work and labor and rendered services consisting of cooking, washing, and caring for defendant, and cleaning and taking care of his house, of the reasonable value of $2,359; and that between those dates, at the like request, plaintiff furnished and delivered to defendant goods, materials, and supplies, consisting of groceries, fuel, and other goods, of the reasonable value of $1,260.35,—of which sums but ten dollars had been paid, leaving due to plaintiff $3,566.

The overruling of defendant's demurrer to each cause of action is the first error specified; but since it is not argued or further mentioned it will not be considered. All the allegations of the complaint were denied by the answer, and no question of the statute of limitations has been raised. The jury returned a verdict for $1,750.

1. To establish her case, plaintiff introduced evidence tending to prove that at sundry times between the dates mentioned she had washed for defendant, had cleaned his house, and had furnished him with board at her home, plaintiff stating the reasonable value of the wood, coal and materials bought and paid for by her and which she used in cooking for defendant, and the reasonable value of her services in cooking, cleaning, and washing for him. She also testified that the services were performed, and the materials bought and furnished, at his request, and that he promised to pay her what "was right," and that at times he promised to build and give her a house in satisfaction of her claims. The evidence for defendant was in flat contradiction of that adduced for plaintiff.

Defendant asserts that there was a failure of proof in this: [1] That whereas the complaint states, among other things, that plaintiff furnished groceries, fuel, and other goods to defendant, and rendered services in cooking for him, the evidence disclosed that the plaintiff "boarded" defendant and did not "cook" or "furnish" groceries, fuel, and other goods for him,

insisting that the supposed difference between "cooking" for him and "furnishing" to him groceries, fuel, and other goods, upon the one hand, and "boarding" him, upon the other, makes a fatal variance in that particular between the causes of action as stated and those proved. Manifestly, however, in the circumstances here disclosed, the boarding of defendant embraced the items of cooking for and furnishing him with groceries, fuel, and other things necessary to the "boarding"; or, at the very least, the cooking and the furnishing of the food and fuel necessary for that purpose were part of the "boarding." At defendant's request plaintiff furnished the groceries and other edibles (for the most part in raw state) which she cooked for him with fuel also furnished by her; the food so cooked by her was served to defendant, who consumed it. For all this defendant promised to pay. Whether it be held that she thus "furnished board" for defendant, or that she performed such services for him and furnished such food and fuel to him, matters not. In any event, the objection presented by the specification [2] of error is a mere technicality which did not affect the merits. There was neither failure of proof nor substantial variance; but if there was a variance it did not mislead the defendant to his prejudice in making his defense upon the merits, and therefore was not material. (Rev. Codes, sec. 6585.)

2. Next it is argued that plaintiff was not shown to be quali- [3] fied to testify as to the reasonable value of the services which she had rendered and the merchandise and the supplies which she had furnished to defendant.

The evidence shows that she was sufficiently familiar with the worth of the services and merchandise to make admissible her testimony in that regard. She was a housekeeper and laundress of long experience. The merchandise furnished by her was such as housekeepers are accustomed to buy and they may be presumed "to have such knowledge upon the subject as to render them competent to testify as to the value of such articles." (*Erickson* v. *Drazkowski,* 94 Mich. 551, 54 N. W. 283; *semble, Porter* v. *Hawkins,* 27 Mont. 486, 71 Pac. 664, and

*Osmers* v. *Furey,* 32 Mont. 581, 81 Pac. 345.)   Moreover, the owner of commodities in general daily use is qualified to estimate their worth, the weight of his testimony being for the jury.   (1 Wigmore on Evidence, sec. 716.)   As to her testimony in respect of the value of her services, "it would be a hard rule which would prevent a plaintiff from informing the jury of his own estimate of the value of his services; and the courts seem inclined to impose no terms as to his general familiarity with the class of services; that he had rendered them justifies listening to his opinion."   (1 Wigmore on Evidence, sec. 715.)

3. Defendant's final contention is that a new trial should have been granted on the ground that the evidence was insufficient in weight to justify a verdict for plaintiff, defendant asserting in effect that plaintiff's testimony was inherently so weak, and indeed, incredible, as to demand a verdict in his favor.

The evidence was in substantial conflict.   It need not be set [4]   out.   We adopt as applicable to the instant case the following language of Mr. Justice Holloway speaking for the court in *Nilson* v. *City of Kalispell,* 47 Mont. 416, 132 Pac. 1133: "The best that can be said of the evidence is, that it presents a proper case for the jury.   The jurors were the judges of the credibility of plaintiff and his other witnesses.   The plaintiff's story was accepted as true by the jury and by the trial court in passing upon the motion for a new trial.   In the absence of anything indicating such inherent improbability in the story as to deny its credibility, we are not disposed to question the truth of his statements," citing *Lehane* v. *Butte El. Ry. Co.,* 37 Mont. 564, 97 Pac. 1038, where the court through the same justice said: "The motion for a new trial was addressed to the sound discretion of the trial court, and, in the absence of a clear showing of abuse of such discretion, this court will not interfere.   *   *   * We agree with what is said in the cases cited by appellant upon the question of a bare scintilla of evidence being insufficient to support a verdict; but this case does not present that question

at all.  We think there is substantial evidence to support this
verdict  *  *  * , and under such circumstances this court has
repeatedly said that it will not disturb the finding of the lower
court upon a question of fact.  *  *  *  With respect to the
verdict, we observe that while the evidence, as it appears in
type, seems to preponderate in favor of the defendant, it was
nevertheless sufficient to justify the verdict against him.  The
weight of the evidence was for the jury.''  This rule has been
just applied in *Roberts* v. *Sinnott,* below.

Plaintiff's evidence was not so inherently weak or palpably
improbable as to demand a verdict for defendant.  It was suffi-
cient to justify the verdict and in denying a new trial there was
no abuse of discretion.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY
concur.

