DOANE, ADMR., RESPONDENT, *v.* MARQUISEE, APPELLANT.

(No. 4,714.)

(Submitted March 18, 1922. Decided April 17, 1922.)

[206 Pac. 420.]

*Master and Servant—Extra Services—Compensation—Burden of Proof—Evidence—Preponderance—Complaint—Ambiguity —Liberal Construction — Inferences — Failure to Demur — Waiver—Appeal and Error—Conflict in Evidence—Verdict Conclusive.*

Pleading—Complaint—Liberal Construction—Inferences.
  1.   The allegations of the complaint are to be construed liberally with a view to substantial justice between the parties, and whatever is necessarily implied in or reasonably to be inferred from them must be taken as directly averred.
Master and Servant—Extra Services—Complaint—Sufficiency—Inferences.
  2.   Under the above rule, failure of plaintiff in an action to recover

for extra services, to set forth directly the terms of the original contract of employment, did not render the complaint insufficient where from its averments the terms thereof were properly inferable from the pleading.

Same—Ambiguity or Uncertainty—Failure to Demur—Waiver.

3. Objection to the complaint on the ground that it is ambiguous or uncertain is waived by failure to demur specially.

Master and Servant—Extra Services—Value—Employee Competent Witness.

4. Plaintiff in an action to recover for extra services performed for his employer was a competent witness to testify in his own behalf on the question of their reasonable value, its weight being a matter for the jury's determination.

Same—Extra Compensation—Presumptions—Burden of Proof.

5. Where extra work, claimed to have been performed by plaintiff, is of a character different from that contemplated by his original contract of employment, its performance by him and acceptance of it by the employer raise an implication that extra compensation was intended therefor; but where services rendered by him during his employment are similar in character to his regular duties, they are presumed to be compensated for by his stipulated wage or salary, and to overcome this presumption the burden is upon him to prove the existence of an express contract by the terms of which extra compensation was to be made for them.

Evidence—Preponderance may be Established by Single Witness.

6. A preponderance of the evidence may be established by the testimony of a single witness against a greater number of witnesses who testify to the contrary, the jurors being the exclusive judges of their credibility.

Appeal and Error—Conflicting Evidence—Verdict Conclusive.

7. In an action at law, the verdict, attacked on the ground of insufficiency of the evidence to sustain it, will not be set aside on appeal where the evidence, though conflicting, is substantial, and the trial court has approved it by denying a new trial, no abuse of discretion being shown, even though the printed record may appear to indicate that the evidence preponderates against the verdict.

*Appeals from District Court, Big Horn County; Charles A. Taylor, Judge.*

ACTION by Edward H. Frevert against S. J. Marquisee. From a judgment for plaintiff, for whom C. W. Doane, as administrator of his estate, was substituted on his death, and from an order denying a new trial, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

5. Right of servant to recover pay for extra services performed, see notes in 12 Ann. Cas. 663; 30 L. R. A. (n. s.) 652.

*Messrs. Quinn & Maddox,* for Appellant.

If the plaintiff fails to prove his case by a preponderance of the evidence, or if the evidence preponderates in favor of the defendant, or if the weight of the evidence does not justify the verdict of the jury, it is the duty of the court to grant a new trial. "There must be more than a mere scintilla of evidence to justify a verdict or it will not be permitted to stand." (*Pierce* v. *Great Falls & Canada Ry. Co.,* 22 Mont 445, 56 Pac. 867; *Hamilton* v. *Monidah Trust,* 39 Mont. 269, 102 Pac. 335; *Harrington* v. *Butte & Boston Min. Co.,* 27 Mont. 1, 69 Pac. 102.) "Where the evidence preponderates against the finding, it is the duty of the court to grant a new trial." (*Barker* v. *Montana Gold etc. Min. Co.,* 35 Mont. 351, 89 Pac. 66.) "A new trial will be granted in a case where the inherent probabilities are against the truth of the testimony which supports the verdict." (*Mattock* v. *Goughnour,* 11 Mont. 265, 28 Pac. 301; *Blankman* v. *Vallejo,* 15 Cal. 645; *Crook* v. *Forsyth,* 30 Cal. 662; *Bernal* v. *Wade,* 46 Cal. 667; *Albertini* v. *Linden,* 43 Mont. 126, 115 Pac. 31.)

"All services rendered by the employee during the period of employment which are similar in nature to the regular duties are presumed to be covered by the regular salary, except upon proof of an agreement for extra compensation." (*Jerome* v. *Wood,* 39 Colo. 197, 12 Ann. Cas. 662, and note, 88 Pac. 1067.) Mere knowledge by the employer that his employee was doing the work and expected additional compensation will not raise an implied promise to pay such compensation. (*Seevers* v. *Cleveland Coal Co.,* 158 Iowa, 574, Ann. Cas. 1915D, 189, 138 N. W. 793.) "If the employee has agreed with the employer to perform a certain, definite and specific contract for the employer and if the employee voluntarily rendered services not called for by the terms of the original contract, the employee cannot recover for extra services, if the employer did not know that these were being rendered." (*Anderson* v. *Quick,* 163 Cal. 658, 126 Pac. 871.)

Or if he did not know that the employee intended to make charge therefor. (*McLeod* v. *Genius,* 31 Neb. 1, 47 N. W. 473.) One who does more work than is required by the terms of a contract without the consent of his adversary cannot recover therefor. (*Chamberlain* v. *Hibbard,* 26 Or. 428, 38 Pac. 437.)

*Mr. Louis E. Haven,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Edward H. Frevert was employed by the defendant to perform work and labor as a tailor, cleaner, dyer and presser at the stipulated wage of $40 per week and other considerations not here involved. He received the $40 per week each week during the period of his employment, and at its conclusion brought this action to recover for overtime work. It was the contention of plaintiff at the trial—supported by his own testimony—that his compensation under the original contract of employment was based upon a week of six days of eight hours each; that at the special instance and request of the defendant he worked overtime upon the express agreement that he should receive extra compensation therefor. The defendant denied that there was any contract for overtime work, and denied specifically that plaintiff performed any service other than that contemplated by the original agreement. The trial of the cause resulted in a verdict for plaintiff, and from the judgment entered thereon and from an order denying a new trial defendant appealed. After judgment was entered, plaintiff died, and the administrator of his estate was substituted as a party.

The complaint was not attacked in the lower court, and the objection now made that it does not state facts sufficient to constitute a cause of action is without merit.

Plaintiff did not set forth directly the terms of the original [1–3] contract, but he did allege that "at the special in-

stance and request of the defendant [he] performed extra work and worked overtime for said defendant over and above the regular hours of work which were eight hours per day," etc.

The allegations of the complaint are to be construed liberally with a view to substantial justice between the parties (sec. 9164, Rev. Codes 1921; *Gauss* v. *Trump,* 48 Mont. 92, 135 Pac. 910), and whatever is necessarily implied in or is reasonably to be inferred from them is to be taken as averred directly. (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601.) Although the pleading may be open to the criticism that it is ambiguous or uncertain, the objection to it upon that score was waived by failure to demur specially. (Sec. 9136, Rev. Codes 1921.)

It is argued that the evidence is insufficient to establish the [4] reasonable value of the extra services for which compensation is sought, but the argument should have been addressed to the jury. Plaintiff testified to the reasonable value of such services, and it cannot be questioned that the evidence was competent. The weight to be given to it was for the jury to determine. In *Matoole* v. *Sullivan,* 55 Mont. 363, 177 Pac. 254, this court quoted with approval from Wigmore on Evidence, as follows: "It would be a hard rule which would prevent a plaintiff from informing the jury of his own estimate of the value of his services; and the courts seem inclined to impose no terms as to his general familiarity with the class of services; that he had rendered them justifies listening to his opinion." (1 Wigmore on Evidence, sec. 715.)

The rules of law which govern a case of this character are [5] well settled. Whenever the extra work performed is of a character different from that contemplated by the original contract of employment, its performance by the employee and acceptance by the employer will raise an implication that extra compensation was intended therefor. (*Sowash* v. *Emerson,* 32 Cal. App. 13, 161 Pac. 1018.) On the contrary, all services

rendered by the employee during his employment which are similar in character to his regular duties are presumed to be compensated for by the stipulated wage or salary, and to overcome this presumption the employee must discharge the burden of proving the existence of an express contract by the terms of which extra compensation was to be made for the extra services rendered. (*Jerome* v. *Wood,* 39 Colo. 197, 12 Ann. Cas. 662, and note, 88 Pac. 1067; *United States* v. *Martin,* 94 U. S. 400, 24 L. Ed. 128; 18 R. C. L. 534.)

If the testimony of Frevert be accepted as true, the terms [6] of the original agreement, including a provision that eight hours of labor should constitute a day's work, and the existence of an express, supplemental contract by the terms of which he was to receive extra compensation for overtime, are established, and the general verdict determines the truth of his testimony for all purposes of these appeals. The fact that his testimony was not corroborated does not militate against the validity of the verdict. A preponderance of the evidence may be established by the testimony of a single witness against a greater number of witnesses who testify to the contrary (*Story* v. *Maclay,* 6 Mont. 492, 13 Pac. 198; *Parchen* v. *Chessman,* 53 Mont. 430, 164 Pac. 531), for the jurors are the exclusive judges of the credibility of the witnesses (sec. 10672, Rev. Codes 1921), and the direct evidence of one witness who is entitled to full credit is sufficient proof of any fact except perjury or treason (sec. 10505, Rev. Codes 1921).

The acceptance of plaintiff's version of the transaction as [7] against the testimony given by the defendant and his witnesses was one of the hazards of the trial which defendant must accept. So long as we have the jury system, the jury's findings upon disputed questions of fact must be conclusive except as against a motion for a new trial, and this court cannot be asked to substitute its judgment for the judgment of the men chosen to determine such questions. The utmost for which defendant can contend is that the evidence is in direct

conflict, and under the well-established rule a verdict in an action at law, attacked on the ground of insufficiency of the evidence to sustain it, will not be set aside on appeal, where the evidence is substantial, though conflicting, and the lower court has set the stamp of its approval on the findings by denying a motion for a new trial, in the absence of any showing of an abuse of discretion (*Lizott* v. *Big Blackfoot M. Co.*, 48 Mont. 171, 136 Pac. 46; *Western Mining Supply Co.* v. *Melzner*, 48 Mont. 174, 136 Pac. 44), and this is true even though the printed record may appear to indicate that the evidence preponderates against the verdict. (*Roberts* v. *Sinnott*, 55 Mont. 369, 177 Pac. 252.)

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Cooper and Galen concur.