WASLEY, Respondent, *v.* DRYDEN, Appellant.

(No. 4,989.)

(Submitted January 6, 1923.  Decided January 29, 1923.)

[212 Pac. 491.]

*Contracts—Work and Labor—Pleading and Proof—Immaterial Variance—Evidence—Books of Account—Admissibility.*

Evidence—Books of Account—Admissibility.
    1.  An account-book shown to have been in the handwriting of plaintiff, in an action for services performed by him as a farm-hand, that he kept it in the ordinary course of his employment, and that the entries therein were correct and made by him from time to time as the transactions took place, was properly admitted in evidence.

Work and Labor—Pleading and Proof—Immaterial Variance.
    2.  Plaintiff alleged one contract in his complaint under which defendant employed him as a farm-hand at a specified wage; his evidence disclosed that he worked under a number of different agreements as to the kind of work to be performed and wages to be paid.  *Held,* that in view of the matters alleged in the answer which required defendant to go into the entire matter of his employment of plaintiff and the wages to be paid at different times and for different periods, defendant could not have been misled to his prejudice in maintaining his defense on the merits, and that therefore the variance was immaterial under section 9183, Revised Codes of 1921.

*Appeals from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

Action by William Wasley against M. P. Dryden.  Judgment for plaintiff, and defendant appeals from it and the order denying him a new trial.  Affirmed.

*Mr. N. A. Rotering,* for Appellant, submitted a brief and argued the cause orally.

The complaint alleged one contract and the evidence showed a series of contracts.  There was therefore a variance.  A very instructive case as to what constitutes a fatal variance is the case of *Ryan Co.* v. *Russell,* 52 Mont. 596, 161 Pac. 307. The judgment and order denying a motion for a new trial

---

Admissibility of a party's books of account as evidence in his favor, see notes in 15 Am. Dec. 191; 52 L. R. A. 545; 36 L. R. A. (n. s.) 899.

were reversed in that case because of a fatal variance between the pleading and proof. The variance in that case was not as great as is the variance in the instant case. (*Kalispell Liquor etc. Co.* v. *McGovern,* 33 Mont. 394, 84 Pac. 709; *Ryan Co.* v. *Russell,* 52 Mont. 596, 161 Pac. 307.) Where the action is on an implied contract to pay the reasonable value of the services, and the proof shows an express contract, the variance is fatal. (*Wisbey* v. *Boyce* (Tex. Civ. App.), 27 S. W. 590.)

*Messrs. Binnard & Rodger,* for Respondent, submitted a brief; *Mr. Joseph Binnard* argued the cause orally.

The judgment will not be reversed on account of a variance where the record does not disclose that appellant was misled to his prejudice. (*Vreeland* v. *Edens,* 35 Mont. 413, 89 Pac. 735.) A party will not be held to complain that he was misled to his prejudice by a variance unless he was surprised at the trial by having to meet issues not pleaded. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Robinson* v. *Helena Light & Ry. Co.,* 38 Mont. 222, 99 Pac. 837; *Nord* v. *Boston & Montana Con. Co. & S. M. Co.,* 30 Mont. 48, 75 Pac. 681; *Lake Shore & M. S. Ry. Co.* v. *Hundt,* 140 Ill. 525, 30 N. E. 458.) A variance which did not mislead defendant in making his defense upon the merits must be deemed immaterial. (*Matoole* v. *Sullivan,* 55 Mont. 363, 177 Pac. 254; Rev. Codes 1921, sec. 9183.) Where defendant moves for a nonsuit on the ground of variance, he must be able to prove to the satisfaction of the trial court how he was misled to his prejudice. The mere allegation that he was misled is insufficient. (*Wilcox* v. *Newman,* 58 Mont. 54, 190 Pac. 138.)

MR. JUSTICE STARK delivered the opinion of the court.

This is an action brought by the plaintiff against the defendant to recover a balance alleged to be due for services rendered.

The complaint alleges, in substance, that between the thirteenth day of July, 1914, and the first day of April, 1919,

the plaintiff performed labor and services for the defendant as a sheep herder and farm laborer for a period of four years eight and one-half months; that for these services the defendant promised to pay him the sum of $2,850.53, and that the services were reasonably worth that amount; that the defendant had not paid the same, or any part thereof, except $1,276.95, leaving a balance unpaid of $1,573.58, for which judgment is sought.

The defendant in his answer admits that during the time mentioned plaintiff worked for him a period of thirty-four months and seven days, and that he had paid the plaintiff for said services a large sum of money, and denies the other allegations of the complaint. The answer further sets up two separate defenses, the first of which is to the effect that the plaintiff worked for the defendant from the thirteenth day of July, 1914, until the ninth day of December, 1915, on which last-mentioned date a settlement was had between the parties and an account stated, in which it was found that the defendant owed the plaintiff the sum of $118, and that subsequently the defendant paid the plaintiff that amount. The second affirmative defense is that between the fourteenth day of December, 1915, and the first day of April, 1919, the plaintiff worked for the defendant, but not continuously; that he so worked for a period of thirty-four months and seven days at the agreed wage of $35 per month, and that defendant had paid the same in full. The affirmative allegations of the answer were denied.

The plaintiff in his own behalf testified that he went to work for the defendant on July 14, 1914, and worked for him continuously down to the first day of April, 1919, except some few days that he "laid off"; that when he first began he had a book in which he kept an account of the work he did and the amounts paid to him by the defendant; that this book was destroyed by fire on December 12, 1915; that thereafter he kept his accounts in another book, concerning which he testified as follows: "This is the original book that I have kept,

showing the transactions between myself and Mr. Dryden. I made the entries in this book. The writing in this book is all in my handwriting. The items were made with reference to the date that appears upon the book since I got it, at the same time I got it. The items with relation to the payments that appear upon the book were made at the time I got it." Later on the plaintiff testified with reference to this book as follows: "That contains a true and complete statement of all of the money which he paid me during that time. As to how I kept account so as to show the number of days that I worked, I used to put down a figure 1 to indicate the days I worked. When I got to 5 I crossed it. The days that I didn't work I indicated by putting a cipher there. All the days that I did not work as shown by that book there will have a cipher on the days that I didn't work." This book was offered and received in evidence over the objection of the defendant that the same was "immaterial, irrelevant and incompetent and for the reason that no proper foundation has been laid, and that it is at variance with the allegations of the complaint."

From this book the plaintiff testified to all the work he had performed for the defendant between the dates alleged in his complaint, together with the wages which he was to receive therefor, and also as to the amounts of cash, checks and merchandise which defendant had given him in payment therefor. According to his testimony the total amount earned by him in this employment was $2,850.58. The total payments in cash, checks and merchandise amounted to $1,276.95, leaving a balance due to the plaintiff of $1,573.58, as alleged in his complaint.

The plaintiff's testimony thus given disclosed that he began work for the defendant as a sheep herder at $45 per month. This employment continued down to May, 1917, when a new agreement was made under which, during the lambing season, the plaintiff was to receive $60 a month, which arrangement continued until after the haying was over in August. In Sep-

[66 Mont. 17.]

tember he went back to regular ranch work at $45 per month. In December of the same year there was another change made in wages, by virtue of which the plaintiff received $50 per month. This continued until May, 1918, when an agreement was made whereby the wage scale was increased to $75 per month. In July and August of that year the plaintiff was employed by defendant in cooking for a haying crew at $3.50 per day. In September another agreement was made whereby the plaintiff's wages were fixed at $75 per month, and this continued until he left the defendant's employment on March 31, 1919.

The defendant, as a witness in his own behalf, testified, amongst other things, that on December 9, 1915, he had a settlement with the plaintiff which disclosed that at that time he was owing the plaintiff the sum of $118, which amount was subsequently paid. He also testified concerning his employment of the plaintiff, the time which he worked, the wages he was to receive and the amount which had been paid, which testimony tended to sustain the allegations of his answer.

At the close of all the testimony the defendant moved the court to direct the jury to return a verdict in his favor and against the plaintiff, for the reasons, among others, that the evidence did not support the material allegations of the complaint, and that there was a fatal variance between the allegations of the complaint and the proof, which motion was overruled by the court. Thereupon the case was submitted to the jury and a verdict rendered in favor of the plaintiff, upon which judgment was entered. Thereafter the defendant regularly moved the court for a new trial, which motion was denied. From this judgment and the order overruling the motion for a new trial these appeals are prosecuted.

Numerous errors are claimed by defendant, one of which [1] relates to overruling his objection to the offer of plaintiff's account-book in evidence. The court did not commit error in that respect, because a sufficient foundation for its admission was laid by showing that it was in the handwriting of

the plaintiff; that he kept it in the ordinary course of his employment; that the entries were correct and made by him from time to time as the transactions took place. (*Ryan* v. *Dunphy,* 4 Mont. 356, 47 Am. Rep. 355, 5 Pac. 324; *Meredith* v. *Roman,* 49 Mont. 204, 141 Pac. 643.)

The determinative question in the case is presented by defendant's motion for a directed verdict on the ground of variance. It is apparent that plaintiff's testimony showing that during the course of his employment by the defendant he worked under at least seven different agreements as to the kind of work he was to perform and the amount of wages he was to receive therefor, was a departure from the allegations of his complaint, which set forth one contract under which defendant agreed to pay him a specified sum for the services rendered. Even so, when we consider the matters set forth in the defendant's answer which discloses that in order to maintain his defense it was necessary for him to go into the entire matter of his employment of the plaintiff, together with the wages to be paid, it cannot be successfully urged that he was actually misled to his prejudice in maintaining his defense on the merits by reason of this variance. Unless this condition did in fact exist, then, under the provisions of section 9183, Revised Codes of 1921, the variance is not deemed material. This section of the Code has been cited and applied by this court in a great number of cases, of which we will mention only *Wilcox* v. *Newman,* 58 Mont. 54, 190 Pac. 138, and *Matoole* v. *Sullivan,* 55 Mont. 363, 177 Pac. 254.

A careful consideration of the defendant's other specifications of error convinces us that they are not well taken.

No prejudicial error appearing in the record, the judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.